## HITZROT ET AL. *v.* COUNTY BOARD OF APPEALS OF BALTIMORE COUNTY ET AL.

[No. 456, September Term, 1970.]

*Decided June 1, 1971.*

The cause was argued before HAMMOND, C. J., and BARNES, FINAN, SINGLEY and SMITH, JJ.

*John W. Hessian, III,* for appellants.

*Donald N. Rothman,* with whom were *Gordon, Feinblatt & Rothman* on the brief, for appellees.

PER CURIAM.

Dr. Hitzrot and nine of his neighbors would have us reverse an order of the Circuit Court for Baltimore County which dismissed an appeal which they had attempted to take from an order of the County Board of

Appeals. A brief summary of the facts will demonstrate why we cannot do so under the applicable law.

In May, 1966, the Baltimore County Zoning Commissioner reclassified as R. A. (Residence, apartment) a 38.94 acre tract in the County's eighth election district theretofore zoned R.10 and R.20 (Residence, one family, minimum lot size 10,000 and 20,000 square feet, respectively). A timely appeal from the Zoning Commissioner's order to the County Board of Appeals was taken by Mr. and Mrs. Erroll B. Hay, III and Mr. and Mrs. Donald F. Nesbitt, Jr., none of whom is a party to the present controversy. It would appear that the appeal never came on for hearing because of an uncertainty as regards that portion of the property needed for the widening of the Baltimore Beltway. In September, 1970, a notice of dismissal of the Hay-Nesbitt appeal was filed by their counsel of record, and the Board entered an order of dismissal.

In October, 1970, Dr. Hitzrot and his neighbors sought to reinstate the proceeding by taking an appeal to the Circuit Court from the Board of Appeals' order of dismissal. They at once encountered an insurmountable obstacle: the procedural framework of Baltimore County's zoning law.

Baltimore County Code (1968) § 22-27 authorizes any person aggrieved by a decision of the Zoning Commissioner to appeal to the County Board of Appeals within 30 days. The County's Charter § 604 and Code § 22-28, when read together, permit an appeal to the Circuit Court within 30 days of a decision of the Board of Appeals by "any party to the proceeding who is aggrieved thereby * * *." Rule 3 b of the Rules of Practice and Procedure of County Board of Appeals, approved by the County Council by Bill No. 8 enacted in 1965, provides that "An appeal may be withdrawn or dismissed at any time prior to the conclusion of the hearing on said appeal."

Since Dr. Hitzrot and his neighbors did not appeal from the order of the Zoning Commissioner, they were

not parties to the proceeding before the Board of Appeals, and had no standing to appeal from whatever order the Board might have entered, *Bryniarski v. Montgomery County Board of Appeals,* 247 Md. 137, 143, 230 A. 2d 289 (1967). When counsel of record for the persons who were the only parties gave notice of dismissal before the conclusion of the hearing and the Board of Appeals entered an order of dismissal, that ended the matter. There is simply no statutory support for the appellants' contention that the order of dismissal could not be entered without a hearing.

> *Order affirmed; costs to be paid by appellants.*